United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-40642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JUAN CASTANON,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CR-30
-------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Castanon appeals following his guilty plea and conviction for interstate travel or transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(1) and (3). Castanon reserved his right to appeal the denial of a suppression motion, and he argues that he was subjected to an illegal traffic stop without probable cause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court examines the legality of police investigatory stops based on a two-part inquiry: (1) whether the officer's action was justified at its inception, and (2) whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004)(en banc)(citing *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968)). A decision to stop a vehicle is reasonable when the officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996).

Police stopped Castanon for speeding. Castanon argues that his conduct was not a traffic violation, however, because the investigating officer agreed with defense counsel on cross-examination that his speed was not unreasonable. It is undisputed that Castanon was driving 71 miles per hour and that the speed limit was either 65 or 70 miles per hour. By driving above the posted speed limit, Castanon's conduct constituted prima facie evidence of a traffic violation. *See* TEX. TRANSP. CODE §§ 545.351(a) and 545.352(a). Castanon's speed objectively justified the stop, and police did not lack probable cause to stop him. *See Whren*, 517 U.S. at 810; *see also Goodwin v. Johnson*, 132 F.3d 162, 173 (5th Cir. 1998).

The district court's judgment is AFFIRMED.